IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **LARRY WRIGHT, Individually and on behalf of all others similarly situated,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | NO. MO:16-CV-00048-DC |
| | § | |
| **WILDCAT SERVICES, LLC, and BILLY STEWARD, JR.,** | § | |
| *Defendants*. | § | |

<u>ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION</u>

BEFORE THE COURT is Plaintiff Larry Wright's ("Plaintiff") Motion for Conditional Certification.  (Doc. 11).  This case is before the undersigned U.S. Magistrate Judge pursuant to the consent of the parties under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.  (Doc. 13).  After due consideration of the pleadings and the relevant law, Plaintiff's Motion for Conditional Certification shall be **GRANTED**.  (Doc. 11).

## I.    BACKGROUND

Plaintiff brings this action both individually and on behalf of all others similarly situated against Defendants Wildcat Services, LLC, and Billy Steward, Jr. (collectively, "Defendants"), asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  (Doc. 1).  Plaintiff alleges Defendant Wildcat Services, LLC, "is a service company specializing in hydro-excavating, water well drilling, water well pump service and surface rental equipment for the oil and gas industry."  (*Id*. at 3).

Plaintiff "previously worked as a Driver for Defendants Wildcat Services, LLC . . . and its owner, Billy Steward[.]"  (*Id*. at 1).  Plaintiff contends that "Defendants have acted, directly or indirectly, as employers or joint employers with respect to Plaintiff and others similarly situated."  (*Id*. at 3).  Plaintiff alleges "Defendants willfully committed widespread violation of the FLSA by failing to pay [Drivers] for overtime hours worked in excess of forty hours per week at a rate of one

and one-half times their regular rate of pay." (*Id.* at 2). Accordingly, Plaintiff seeks to recover unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay, liquidated damages, attorney fees, and costs. (Id. at 8).

On April 25, 2016, Plaintiff filed an unopposed motion seeking conditional certification of this lawsuit as a collective action under the FLSA. (Doc. 11). Plaintiff asserts there are other similarly situated individuals whose rights under the FLSA have been violated by Defendants and requests that those individuals be permitted to opt-in to this action. (*Id.*). To date, Defendants have not filed a response to the Motion for Conditional Certification nor have Defendants raised any objections to the proposed notice and consent form attached to Plaintiff's motion. This matter is now ripe for disposition.

## II.   LEGAL STANDARD

An employee may bring an action for violating the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under Section 216(b) provides for a procedure to "opt-in," rather than "opt-out." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 225 (5th Cir. 2011) (unpublished) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)). Although the United States Court of Appeals for the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class or grant notice in a case brought under the FLSA, the majority of courts within the Fifth Circuit have adopted the *Lusardi* two-stage approach, after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[1]

---

[1] *See, e.g., Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (applying *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 643 (W.D. Tex. 2013) (same); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (same); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (same).

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 519 (5th Cir. 2010). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214. If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members. *Id*. After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Id*. At that point, the court will fully evaluate the merits of the class certification. *Id*.

### III.   DISCUSSION

Plaintiff seeks to certify a class consisting of "[a]ll current and former drivers who have worked for Wildcat Services, LLC from February 17, 2013, to the present." (Doc. 11-1). The Court's analysis here need only address the first stage of the *Lusardi* inquiry. Plaintiff must show that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010). During the notice stage, the court makes its decision "usually based only on the pleadings and any affidavits which have been submitted[.]" *Id*. Courts "appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8. "FLSA collective actions are generally favored

3

because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding common issues of law and fact arising from the same alleged activity." *Tolentino*, 716 F. Supp. 2d at 646.

**A.      Existence of Aggrieved Co-Workers**

In the Complaint, Plaintiff alleges he "worked for a little over a year as a Driver for Defendants from December of 2014 until January of 2016." (Doc. 1 at 4).  Plaintiff claims he "routinely worked more than forty hours per week, as he regularly worked approximately 70 hours per week." (*Id*.).  According to Plaintiff, he "was paid a salary, and thus not compensated for the overtime that he worked." (*Id*.).  Further, Plaintiff states that other "employees of Defendants have been victimized by the pattern, practice and policy of Defendants." (*Id*. at 5).

The Court finds that Plaintiff is familiar with Defendants' compensation policies as a result of his former employment as a Driver and interactions with other employees.  The pleadings in this case allege that Defendants implemented the same policy of underpayment with respect to many of its Drivers.  Because Plaintiff has personal knowledge of Defendants' payment scheme, the Court concludes that this evidence is sufficient to credit "the assertion that aggrieved individuals exist," as well as the allegations that Defendants failed to appropriately compensate Plaintiff and similarly situated employees as required by the FLSA.  *Tolentino*, 716 F. Supp. 2d at 647.

**B.      Aggrieved Co-Workers Are Similarly Situated to Plaintiff**

To prevail on the motion for conditional certification, Plaintiff must also show that he is similarly situated to the class members he seeks to represent.  "[P]otential class plaintiffs are considered 'similarly situated' to the named plaintiffs if they are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Tolentino*, 716 F. Supp. 2d at 649–50.  "The positions need not be identical, but similar." *Id*.

Plaintiff has articulated a uniform payment scheme by alleging Defendants pay their Drivers "a salary" with no overtime pay in violation of the FLSA.  (Doc. 1 at 5).  Plaintiff contends that class

4

members share common job duties and pay provisions.  (*Id.*).  Accordingly, the Court concludes that Plaintiff has raised substantial allegations to bind himself to the putative class members as victims of the same "decision, policy, or plan infected by discrimination."  *Mooney*, 54 F.3d at 1214 n. 8.

## C.      Aggrieved Co-Workers' Desire to Opt In

Finally, Plaintiff has made a sufficient showing that other workers want to opt-in to the instant action.  Plaintiff alleges that "he and other drivers working for Defendants were paid on a salary basis, and thus were not compensated for the overtime they worked."  (Doc. 11 at 1).  Plaintiff has retained "counsel to represent him and those similarly situated in this action."  (Doc. 1 at 5). Further, "Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other, similarly stated workers."  (*Id.*).  Considering the lenient standard at this stage, conditional certification of a collective action is appropriate.  *Tolentino*, 716 F. Supp. 2d at 653.

## D.      Plaintiff's Proposed Notice

Plaintiff has also requested the Court to approve his proposed notice and consent forms. (Doc. 11).  Although Defendants have not filed any objections to the proposed notice, the Court finds that the proposed form improperly defines the putative class to include any Drivers working for Defendants as much as three years preceding the original filing of the lawsuit.  (Doc. 11-1).  Courts within the Fifth Circuit have repeatedly recognized that "based on the statute of limitations . . . class certification is appropriately limited to workers employed by the defendant up to three years before notice is approved by the court."  *Tolentino*, 716 F. Supp. 2d at 654 (quoting *Quintanilla v. A & R Demolition, Inc.,* No. H–04–1965, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005)); *see also Watson v. Travis Software Corp.*, No. H–07–4104, 2008 WL 5068806, at *9 (S.D. Tex. Nov. 21, 2008) ("A class period covering the three years before the date this court approves conditional certification and notice is appropriate in this case.").  As such, the three-year limitations period under the FLSA should be measured from the date notice is issued, rather than the date Plaintiff's Complaint was filed.  Because the date of approval of notice is determinative for purposes of

establishing a class period, the Court finds that the following definition of the collective action should henceforth be employed:

> **All current and former drivers who have worked for Wildcat Services, LLC, during the three-year period before the date the Court authorizes notice.**

#### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Conditional Certification. (Doc. 11).

It is therefore **ORDERED** that Plaintiff shall within **three (3) business days** of this Order file with the Court a Revised Proposed Notice that complies with this Order.

It is further **ORDERED** that Defendants shall within **fourteen (14) days** of this Order, provide Plaintiff's counsel with the names, last known addresses, e-mail addresses, and telephone numbers of the potential opt-in plaintiffs ("Court-Ordered Information"), in a usable electronic format.  Telephone numbers shall be used only to verify addresses or e-mail addresses for potential opt-in plaintiffs, and shall not be used to solicit.

It is further **ORDERED** that Plaintiff's counsel shall, upon obtaining the Court-Ordered Information, be permitted to send notices of this action in the form set forth in Plaintiff's Revised Proposed Notice, by mail and email, for a period of **sixty (60) days** from the date Defendants provide Plaintiff with the Court-Ordered Information.

It is further **ORDERED** that Plaintiff's counsel shall file an advisory of any sending of such notices with this Court within **three (3) business days** of doing so.  In such advisories, Plaintiff's counsel shall specify the date and manner by which the notices were sent.

It is further **ORDERED** that the notice shall inform all potential opt-in plaintiffs that they shall have until **sixty (60) days** from the date Defendants provide Plaintiff with the Court-Ordered Information to deposit in the mail or email their Notices of Consent to Join to counsel for Plaintiff.

It is further **ORDERED** that Plaintiff's counsel shall have until **fifteen (15) days** after the expiration of the sixty-day notice period (which ends **sixty (60) days** from the date Defendants provide Plaintiff's counsel with the Court-Ordered Information) to file the Notices of Consent to Join of all opt-in plaintiffs received.

It is so **ORDERED**.

SIGNED this 11th day of May, 2016.

DAVID COUNTS
U.S. MAGISTRATE JUDGE